But
The Court
inclined toa different opinion. They have the power to divide and distribute the estate of the intes-
*116 tate among the heirs (certainly that of which he died possessed). How can they divide the estate without determining what the estate is, and the value of each part; who the heirs are, and to what proportion each is entitled ? It is declared in the statute (N. H. Laws, ed. 1805, 171, 172) that the division shall be valid. It must, at.least, be valid as among the heirs (unless some after-event shall render it unequal). Perhaps', if the lands of a stranger are divided unequally, in case of eviction, the heir who, by means thereof, has less than his share, may have redress, — perhaps a new division. How can the appellant sue for what is here allotted to himself? Defendant will disclaim. If he sue for that part which is allotted to appellee, and can recover and does recover, still he may be injured, because more than half may have been assigned to himself. This question must be settled before this decree can be affirmed or reversed.
It is no objection to say that the distributors, judge of probate, and Supreme Court of Probate, in this way judge of and determine titles to real estate. This is done in every probate of a will.
But the Court are not obliged to decide the question. They may perhaps direct an issue to be tried in the Superior Court, whether Benjamin Bellows died seised of the lands thus claimed by the appellant. Or they may suspend rendering judgment on this appeal till the appellant has tried the title in course of law. .
• This latter course was adopted at the last Term; and a verdict having at this Term been given in favor of defendant, appellee, and judgment rendered thereon, this decree was 'affirmed without opposition.[1]

 By two statutes enacted on the same day, Feb. 3, 1789, the judge of probate was empowered to order a'division of real estate among co-heirs and co-devisees. And by a statute enacted on the following day, Feb. 4, 1789, he was empowered to order a division “ upon the application of any person or persons, interested with others in any lot, tract, or parcel of land, or other real estate.” N. H. Laws, ed. 1815, 200, 201, 209, 210, 221. None of these acts contained any limitation of. the jurisdiction in consequence of dispute about the title, except in the case of division *117 among co-devisees. N. H. Laws, ed. 1815, 201, § 10. In the Manuscript Treatise on Probate Law, the author says, . . . “an opinion has prevailed that when application is made for partition under this act” (of Feb. 4, 1789), “ and the defendant pleads sole seised, or denies the petitioner’s title, that it then becomes the duty of the judge to dismiss the petition; his jurisdiction being amicable only, not contentious. The practice has been conformable to this opinion.” This “opinion” the author believes to be erroneous, and his reasons are given at considerable length.
Under the present statutes, a dispute about the title will not oust the Probate Court of jurisdiction, in a proceeding for partition between co-heirs or co-devisees. Phillips v. Perry, 1866, reported in note, 49 N. H. 264. Aliter, in proceedings between other parties, if the objection is seasonably taken. Gen. Laws, c. 247, § 21; Pickering v. Pickering, 1850, 21 N. H. 537; Ela v. McConihe, 1857, 35 N. H. 279; and see Quimby v. Melvin, 1849, cited in 22 N. H. 242.